IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00307-CMA-NYW

JESSE FISHER, and
ANTHONY DENNIS,

    Plaintiffs,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS, and
BOOKER TRANSPORTATION SERVICES, INC., a Texas corporation,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiffs Jesse Fisher and Anthony Dennis' Motion for Reconsideration (Doc. # 32) requesting the Court to reconsider its Order Denying Motion to Re-Open Case and Resume Processing (Doc. # 30). The Motion has been fully briefed. (Doc. ## 32, 33, 34 and 35.) Having reviewed the underlying briefing, pertinent record, and applicable law, for the following reasons, the Court denies Plaintiffs' Motion.

## I. BACKGROUND

On September 6, 2016, Plaintiff Dennis, on behalf of himself and others[1] similarly situated, filed an FLSA collective action against Defendants Pathway Leasing, LLC and Matthew Harris in the United States District Court for the District of Colorado ("*Merrill* Action"). *See Merrill et. al. v. Pathway Leasing LLC et. al.*, 16-cv-02242-KLM, Doc. # 1 (D. Colo. Sept. 6, 2016). On February 13, 2017, the *Merrill* Action plaintiffs filed an Amended Complaint in which additional individuals[2] were named as plaintiffs, and Pathway Leasing LLC, Matthew Harris, Transforce, Inc., XPO Logistics Truckload, Inc., and Con-Way Truckload, Inc, were the defendants. *See Merrill*, 16-cv-02242-KLM, Doc. ## 54, 82. The parties consented to Magistrate Judge Kristen L. Mix's jurisdiction to preside over the *Merrill* Action (*Merrill*, 16-cv-02242-KLM, Doc. # 64) and, on July 6, 2018, a bench trial was completed (*id.* at Doc. # 274). Magistrate Judge Mix has not yet issued a decision in the *Merrill* Action.

Before the *Merrill* Action was tried, on February 7, 2018, Plaintiffs filed the instant action against Defendants Pathway Leasing LLC and Mr. Harris, both of which are Defendants in the *Merrill* Action, and Defendant Booker Transportation Services, Inc. (Doc. # 1.) One month after the *Merrill* Action was tried, on August 7, 2018, Plaintiffs and Defendants jointly filed a Motion to Administratively Close Case (Doc. # 22) in the instant case indicating that Magistrate Judge Mix's forthcoming decision in the *Merrill*

---

[1] Named Plaintiffs were Franklin Merrill, Lora Lee, Brent Lee, Anthony Glover, Keith Herring, Anthony Dennis, Larry Jurcak, Sami Nasr, Jennifer Thomas, and Robert Thomas.
[2] Other named plaintiffs were Ronald Dennis, Jesse Fisher, Rodney Lacy, James Newberry, Tami Potirala, Craig Williams, Zigmund Gutowski, Joseph Horion, Eric Ard, Tim Hollingsworth, and Lonnie Fails.

Action "will affect the outcome of this case; or at the very least, affect which issues will be contested in this case, *i.e.*, the discovery and trial schedule." (*Id.* at 1.) The Court granted the parties' first motion to administratively close this action pending resolution of the *Merrill* Action. (Doc. # 23.) Because the *Merrill* Action was not resolved by January 2, 2019, the parties filed a second Motion Requesting Continuance of Administrative Closure (Doc. # 24), in which the parties represented that they were still awaiting a decision in the *Merrill* Action and requested that "this case remain administratively closed until resolution of the" *Merrill* Action. (*Id.* at 2.) The Court granted the parties' request to continue the administrative closure. (Doc. # 25.)

On April 30, 2019, Plaintiffs filed a Motion to Re-Open Case and Resume Processing (Doc. # 26) and therein asserted that, because it appeared that an order in the *Merrill* Action was not "imminent," and that decision was "likely to be appealed, and cross-appealed, on many bases," the persuasive value of the *Merrill* Action was "diminished" and Plaintiffs should be permitted to resume litigating their case against Defendants. (*Id.* at 1–2.) Defendants responded that the instant action should remain closed pending resolution of the *Merrill* Action because "it would be extremely inefficient to move forward with the present case when all parties have previously acknowledged that [the *Merrill* Action] may affect not just the outcome of the present action, but also discovery and trial." (Doc. # 27 at 2.) On June 13, 2019, the Court denied Plaintiffs' Motion to Re-Open Case and Resume Processing (Doc. # 30), and therein, reasoned that, because the *Merrill* Action involved the same parties, continuing the administrative closure of the instant action advanced "judicial efficiency."

3

On July 17, 2019, Plaintiffs filed a Motion for Reconsideration of Order Denying Motion to Re-Open Case and Resume Processing. (Doc. # 32.) Plaintiffs argue the Court erred in denying the underlying motion because the instant case involves "*different and unique*" parties[3] than the *Merrill* Action and those "*different and unique*" parties "should not be held hostage to the outcome of" the *Merrill* Action. (*Id.* at 2 (emphasis in original).) In their response, Defendants argue that the fact that there are one additional plaintiff and defendant in the instant action does not "diminish the reasons for administratively closing the case pending the outcome in *Merrill*[.]" (Doc. # 33 at 2, ¶ 5.) Plaintiffs contend that, because the Court indicated that the parties in the instant action and the *Merrill* Action were the same, the Court "misapprehended the facts" and, as such, the "requirements of due process require this case to move forward to resolution." (Doc. # 35 at 2.) For the following reasons, Plaintiffs' Motion for Reconsideration is denied.

II. **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration for final judgments or interlocutory orders. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Mantooth v. Bavaria Inn Rest., Inc.*, 360 F. Supp. 3d 1164, 1169 (D. Colo. 2019). However, regarding a final judgment, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule

---

[3] The "*different and unique*" parties are Plaintiff Jesse Fisher and Defendant Booker Transportation Services, Inc.

4

60(b). *Van Skiver*, 952 F.2d at 1243. With respect to interlocutory orders, "district courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment." *Mantooth*, 360 F. Supp. 3d at 1169 (considering order regarding motion to compel arbitration as an interlocutory order). Indeed, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008). Still, "[t]he Court may be guided by Rules 59 and 60 standards in deciding whether to alter or vacate an interlocutory order." *Mantooth*, 360 F. Supp. 3d at 1169 (citing *Perkins v. Fed. Fruit & Produce Co. Inc.*, 945 F. Supp. 2d 1225, 1232 (D. Colo. 2013)).

There are three major grounds justifying reconsideration of an interlocutory order: "(1) an intervening change in the controlling law, (2) new evidence [that was] previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Concomitantly, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, but such motions are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243)*.*

To that end, "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Id.* A motion for reconsideration is not appropriate to revisit issues already addressed. *Van Skiver*,

5

952 F.2d at 1243. "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Mantooth*, 360 F. Supp. 3d at 1169 (citing *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000)) (internal quotations omitted). "Even under this lower standard, '[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (citing *Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice")).

## III. ANALYSIS

Plaintiffs have not met their burden of persuading this Court that it should reconsider its previous Order. The Court did not "misapprehend the facts" when it stated that the *Merrill* Action involved "the same parties as those involved in the instant action." That conclusion was reached for the following reasons.

Jesse Fisher, the alleged "*different and unique*" Plaintiff, was originally a plaintiff in the *Merrill* Action until December 5, 2017, when he and Defendants Pathway Leasing LLC and Matthew Harris filed a Stipulation of Dismissal with Prejudice and stipulated that Plaintiff Fisher's "claims in this matter, including all claims which were, or could have been, brought by [him], shall be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and [he] shall no longer be [a party] to" the *Merrill* Action. *See Merrill*, Case No. 16-cv-02242-KLM, Doc. # 178. This pleading calls into question the credence

of Plaintiffs' representation that Mr. Fisher is "an additional plaintiff" and a "*different and unique*" Plaintiff who should "not be held hostage to the outcome of" the Merrill Case. (Doc. # 32 at 1–2.) Indeed, the pleading further reinforces the Court's decision to keep this case stayed pending resolution of the Merrill Action as issues of release, res judicata, or collateral estoppel might affect the instant action.

The "*different and unique*" Defendant in this case is Booker Transportation Services, Inc. ("Booker"), which filed a Joinder to Defendants Pathway Leasing LLC and Mr. Harris' Response in Opposition to Plaintiffs' Motion for Reconsideration on July 24, 2019. (Doc. # 34.) As set forth therein, Defendant Booker opposes the relief sought by Plaintiffs and agrees with the other Defendants that administrative closure advances judicial efficiency.

It is for these reasons, together with the fact that the factual allegations and claims for relief in both actions are almost identical, that the Court determined that resolution of the Merrill Action may still affect significant aspects of the instant action, including discovery, trial proceedings, and the presence of some of the parties. *See* (Doc. # 1); *Merrill*, Case No. 16-cv-02242-KLM, Doc. ## 54, 82. Indeed, the factual background, including the date of events, giving rise to both actions is identical. (Doc. # 1 at ¶¶ 18–40); *Merrill*, Case No. 16-cv-02242-KLM, Doc. # 82 at ¶¶ 41–63. Additionally, other than one claim for relief for unlawful retaliation in the Merrill Action, Plaintiffs seek the same claims for relief as sought in the Merrill Action. *See* (Doc. # 1, ¶¶ 41–63);

*Merrill*, Case No. 16-cv-02242-KLM, Doc. # 82, ¶¶ 64–86. Nothing[4] in Plaintiffs' Motion convinces this Court that the underlying justification of its previous order—promoting judicial efficiency—does not now exist. As such, Plaintiffs' Motion is denied.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration of Order Denying Motion to Re-Open Case and Resume Processing (Doc. # 32) is DENIED.

DATED:  November 4, 2019

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] The Court notes that Plaintiffs failed to cite case law supporting their propositions that "due process and logic dictate this case should proceed on its own course" (Doc. # 32 at 2) and the "requirements of due process require this case to move forward to resolution." (Doc. # 35 at 2.) Based on the reasons set forth in this Order, the Court finds that judicial efficiency warrants that the instant case should remain closed pending resolution of the *Merrill* Action.